UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRAYVON MASON,

           Petitioner,

               v.                     CAUSE NO. 3:21-CV-309-RLM-MGG

WARDEN,

           Respondent.

## OPINION AND ORDER

Trayvon Mason, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for armed robbery under Case No. 71D03-1812-F3-85. After a trial, on November 20, 2019, the St. Joseph Superior Court sentenced him to nine years of incarceration. The court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Section 2254 Habeas Corpus Rule 4.

Mr. Mason argues that he is entitled to habeas relief because the Indiana Department of Correction won't let him to participate in a rehabilitation program, which has deprived him of a chance to earn good time credit. Inmates have "no due process interest in the opportunity to earn good time credits," and "participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee." Antonelli v. Sheahan, 81 F.3d 1422, 1431 (7th Cir. 1996); Babcock v. White, 102 F.3d 267, 274 (7th Cir. 1996). Because this argument does not suggest a violation of Mr. Mason's constitutional rights, it's not a valid basis for habeas relief.

Mr. Mason also argues that he is entitled to habeas relief because trial counsel advised him that the Indiana Department of Correction would allow him to participate in a rehabilitation program. The statute of limitations for habeas petitions states as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

After reviewing the petition, the court finds that the date on which the judgment became final is the applicable starting point for calculating timeliness. According to the petition, the St. Joseph Circuit Court sentenced Mr. Mason on November 20, 2019, and he didn't pursue an appeal or post-conviction proceedings.

His conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for filing a notice of appeal to the Court of Appeals of Indiana expired on December 20, 2019. *See* Ind. R. App. 9(A) (notice of appeal must be filed within 30 days after entry of judgment). The federal limitations period expired one year later on December 20, 2020. Mr. Mason didn't file the petition in this habeas case until April 27, 2021. Because Mr. Mason filed this petition three months too late, the court denies it as untimely.

The court must consider whether to grant or deny a certificate of appealability. Section 2254 Habeas Corpus Rule 11. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). There is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling, so there is no basis for encouraging Mr. Mason to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 1) because it is untimely;

(2) DENIES Trayvon Mason a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

3

SO ORDERED on May 12, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT